**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| LAMBERT MBOM, | * | |
| | * | |
| | * | Criminal Action No. 22-cr-109-PX |
| v. | * | Civil Action No. 26-cv-2499-PX |
| | * | |
| UNITED STATES OF AMERICA. | * | |
| | * | |
| | * | |

***

**MEMORANDUM AND ORDER**

Pending is Lambert Mbom's motion brought pursuant to 28 U.S.C. § 2255. ECF No. 194. Mbom, who is currently serving a 60-month prison term, argues that his trial counsel delivered ineffective assistance for a variety of reasons. ECF No. 297. The motion is fully briefed, and the Court finds no need for a hearing. Because no claim has merit, the motion is DENIED.

## I. Background

The Government indicted Mbom for conspiracy to commit health care and wire fraud and other related offenses through Holy Health Care Services ("Holy Health"). ECF No. 137. Mbom was the only defendant to go to trial. After six days, the jury convicted Mbom of the health care and wire fraud conspiracies. ECF No. 187. At sentencing, and in a rare moment of candor, Mbom admitted to having committed health care fraud and vowed to "take responsibility" for his criminal conduct. ECF No. 238 at 43. Mbom received a deeply discounted sentence of 60 months' incarceration. ECF No. 224. His conviction and sentence were affirmed on appeal. *See United States v. Mbom*, 2025 WL 1683435, at *2 (4th Cir. June 16, 2025) (per curiam) (unpublished).

This § 2255 motion followed.

## II. Standard of Review

To be eligible for relief under § 2255, a petitioner must show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law . . . ." 28 U.S.C. § 2255(a). The movant bears the burden of proving his entitlement to relief by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). "Vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation . . . ." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)). Where the record conclusively establishes that the defendant is entitled to no relief, the Court need not conduct an evidentiary hearing. *See United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021) (quoting 28 U.S.C. § 2255(b)). A hearing is only required when the defendant presents "colorable" ineffectiveness claim "showing disputed facts beyond the record, or when a credibility determination is necessary to resolve the claim." *Id.* (citing *United States v. Witherspoon*, 231 F.3d 923, 926–27 (4th Cir. 2000)). Reading the record "in the convicted person's favor," the Court must hold a hearing only denial is less than conclusively established. *United States v. Flood*, 188 F. 4th 250, 258 (4th Cir. 2026).

A movant establishes that he received ineffective assistance of counsel, in violation of his Sixth Amendment right to adequate representation, where he demonstrates that counsel's performance fell below an objective reasonableness standard and that the petitioner suffered actual prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A strong presumption exists that counsel's performance fell "within a wide range of reasonable professional assistance." *Id.* at 689. Accordingly, courts remain "highly deferential" to counsel's choices when scrutinizing

performance. *Id.* *See also United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021). A petitioner establishes prejudice by demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Court may assess the performance or prejudice prong in either order; when no prejudice resulted from any claimed error, the Court need not reach whether the attorney's performance was deficient. *Strickland*, 466 U.S. at 697.

Because the record conclusively establishes that his grounds for relief – considered separately and together – fail, the Court must deny the motion.

## II. Analysis

Mbom asserts five grounds for relief, arguing that counsel failed to (1) investigate claims, (2) "consult" or retain a healthcare claims expert, (3) challenge the Government's proof on the requisite "intent" necessary to prove Medicare fraud, (4) allow Mbom to testify in his defense and (5) advance mitigation at sentencing. The Court considers each in turn.

### A. Failure to Investigate Defenses

Mbom faults his counsel for not sufficiently investigating his case and instead relying on a "cursory" understanding of healthcare billing practices. ECF No. 297 at 6-7. He also criticizes counsel for failing to investigate the "documentation process" at Holy Health which gave unfettered access to patient notes for multiple people. *Id.* Had counsel obtained relevant records, says Mbom, those would have demonstrated that Mbom lacked any intent to defraud. *Id.* Mbom, however, points to nothing specific nor does he supply any other evidence to support his contentions.

In response, Mbom's counsel attests to a robust investigation process. Counsel describes that immediately upon his appointment in January 2022, he began reviewing discovery and

incorporating his detailed notes into CaseMap, a trial preparation software program. ECF No. 311-1 ¶ 2. Counsel also met with Mbom repeatedly to review discovery and discuss defenses; and in April 2022, arranged for a "reverse proffer" with the Government which allowed them to preview of the evidence the Government intended to present at trial. *Id.* ¶ 6. All told, counsel received 30 discovery productions, all of which he reviewed and discussed with Mbom. ECF No. 311-1 ¶¶ 7-8. Throughout, Mbom "never articulated a basis" for further investigation. There was simply "no avenue of likely opportunity that was unexplored." *Id.* ¶ 8. Given counsel's diligence, no evidence exists that counsel failed to conduct reasonable discovery of potential defenses in advance of trial. Accordingly, nothing suggests that counsel's performance had been constitutionally deficient. The Court denies relief on ground one.

**B. Failure to Consult a Healthcare Expert**

Mbom next contends that counsel's refusal to "consult or present an expert qualified in healthcare" amounts to ineffective assistance. ECF No. 297 at 9. Mbom particularly blames counsel for not securing Dr. Bruce Tisdale for his assistance at trial. Mbom knew Dr. Tisdale who had worked for the D.C. Department of Behavioral Health and would have presented to the jury, in Mbom's view, helpful insight on healthcare audit practices. *Id.* But based on counsel's discussions with Mbom, counsel ultimately rejected Tisdale as a viable option. Tisdale had only interacted with Mbom on a more limited task of approving Mbom's training document, and if pressed about the evidence, would likely opine that Mbom's conduct was "unlawful." ECF No. 311-1 at ¶ 9. Tisdale's testimony, in counsel's considered view, would have undermined any good faith defense that Mbom wished to advance. *Id.*

When viewing the record most favorably to Mbom, counsel's decision to not pursue Tisdale as a trial witness is the very kind of strategic call not to be revisited in hindsight. *United*

*States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004) ("The difficulty of overcoming that general presumption is even greater in this case, given that 'the decision whether to call a defense witness is a strategic decision' demanding the assessment and balancing of perceived benefits against perceived risks, and one to which '[w]e must afford . . . enormous deference.'" (quoting *United States v. Kozinski*, 16 F.3d 795, 813 (7th Cir. 1994)). Mbom has presented nothing to upend the deference owing to this well-reasoned defense strategy. The motion must be denied as to this ground.

**C. Alleged Failure to Defend Mbom on Lack of Criminal Intent**

Mbom next argues that counsel failed to advance evidence of Mbom's "good faith" and lack of criminal intent to engage in a scheme to commit Medicare fraud. ECF No. 197 at 10. The record conclusively shows otherwise. Mbom's lack of intent and good faith had been the cornerstone of counsel's defense. *See, e.g.*, ECF No. ECF No. 242 at 107, 112, 115, 119, 120. *See also* ECF No. 239 at 16-17 (focusing jury in opening statement on Mbom's lack of intent). Counsel sought judgment of acquittal on lack of intent, ECF No. 241 at 110, and argued the same to the jury in closing. ECF No. 242 at 114. That the evidence overwhelmingly undermined this defense cannot be laid at counsel's feet. *E.g.*, ECF No. 239 at 47, 66 (testimony of Holy Health employee who Mbom instructed to report having treated patients he never saw); ECF No. 240 at 18-19 (Senesie testifying that Mbom created phony accounts for patient billing), 169-70 (another employee testifying that Mbom instructed her to falsify patient notes), 114-115 (Forka testifying that Mbom directed him to write a false explanation for overbilling). Put more succinctly, even if somehow counsel failed to advance of a lack-of-intent defense, that failure did not prejudice Mbom considering the overwhelming evidence to the contrary. Mbom is not entitled to relief on ground three.

**D. Right to Testify at Trial**

The next contention is especially spurious. Mbom somehow blames counsel for Mbom's decision not to testify. ECF No. 297 at 11. Mbom was present and attentive throughout the trial. As the case drew to a close, the Court gave Mbom and counsel ample opportunity to discuss Mbom's important decision regarding his testimony. *E.g.*, ECF No. 241 at 53-54, 107. The Court next placed Mbom under oath, and counsel thoroughly questioned Mbom about decision to remain silent. *Id.* at 129-131. The Court also questioned Mbom directly about the same. *Id.* at 131-132. No evidence suggests his decision to remain silent had been anything other than knowing and voluntary. More to the point, defense counsel's performance did not adversely affect Mbom's free and voluntary decision. Ground four fails.

**E. Sentencing Arguments**

Mbom lastly faults counsel for his performance at sentencing, in particular, counsel's failure to introduce Mbom's tax returns to show how little income Mbom received from Holy Health contemporaneous with the fraud. ECF No. 297 at 12. This argument, too, is meritless. Mbom's income is not relevant to guidelines loss calculations. Nor would his personal income, or lack thereof, have made a difference in mitigation. The fact remains that counsel's robust mitigation package on Mbom's behalf resulted in the Court sentencing Mbom to 60 months' incarceration, which was 65 months lower than the low end of the applicable advisory guideline range. ECF No. 224. Counsel's performance at sentencing worked to Mbom's decided advantage. Count five likewise cannot support § 2255 relief.

In sum, none of Mbom's grounds, alone or in combination, demonstrate that he had been denied effective assistance counsel to which he is entitled under the Sixth Amendment. The Court, therefore, denies the motion.

## III. Certificate of Appealability

Pursuant to Rule 11(a) of the Federal Rules Governing Proceedings under 28 U.S.C. § 2255, the Court must next decide whether the issue is proper for appeal, and if so, issue a certificate of appealability. A certificate of appealability is a "jurisdictional prerequisite" that allows the movant to seek review of this Court's determination. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). Where the movant demonstrates that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003), the certificate may issue. Mbom fails to meet this standard. Accordingly, the Court declines to issue a certificate of appealability. He may, of course, seek such a certificate from the United States Court of Appeals for the Fourth Circuit.

Based on the foregoing, it is this 24th day of November 2026, by the United States District Court for the District of Maryland, ORDERED that:

1. Lambert Mbom's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 197) is DENIED;
2. A Certificate of Appealability shall not issue;
3. The Clerk is DIRECTED to mail a copy of this Memorandum Order to Mbom and CLOSE the civil case.

11/24/2026
Date

/s/
Paula Xinis
United States District Judge